United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff<br><br>v.<br><br>Luis Gonzalez Calimano, Defendant. | )<br>)<br>)<br>) Criminal Case No. 17-20815-CR-Scola<br>)<br>)<br>) |

### Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Luis Gonzalez Calimano's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and to proceed *in forma pauperis*. (Mot., ECF Nos. 130, 131.) Without awaiting a response from the Government, the Court concludes Gonzalez Calimano's motion lacks merit. Accordingly, after reviewing the motion, the record, and the relevant legal authorities, the Court **denies** Gonzalez Calimano's motion for a reduction of sentence. (**ECF No. 131**.) Because Gonzalez Calimano need not pay any filing fee to have his motion heard, the Court **denies** his motion to proceed *in forma pauperis* **as moot**. (**ECF No. 130**.)

### 1. Background

Gonzalez Calimano was sentenced to 120 months after pleading guilty to conspiring to commit health care fraud and wire fraud in violation 18 U.S.C. § 1349. *United States v. Calimano*, 752 F. App'x 873, 875 (11th Cir. 2018). His sentence amounted to "one-half of the statutory maximum penalty," which the Eleventh Circuit deems "substantively reasonable." *Id.* at 878.

Since Gonzalez Calimano was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). Gonzalez Calimano now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 120 months in prison.

### 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A). In addition, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n. 7. In other words, if a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under Amendment 821.

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that Gonzalez Calimano invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, Gonzalez Calimano fails to meet the tenth criterion because he received a four-level enhancement for his role in the offence under § 3B1.1. (Presentence Investig, Rep. ¶ 239, ECF No. 59, 39; Corr. Sentencing Tr., ECF No. 85, 19–20 (where the predecessor judge in this case overruled Gonzalez Calimano's objection to the four-level role enhancement, noting "there is enough based upon what this defendant has done and based upon what he admitted at the time of his guilty plea to give that enhancement").) Section (10) disqualifies defendants who *either* received "an adjustment under § 3B1.1 (Aggravating Role)" *or* were "engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §

848." *See United States v. Castaneda Mendez*, 20-CR-20155-RAR, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024) (Ruiz, J.) ("Section 4C1.1(a)(10) disqualifies *two* sets of defendants: those who receive an aggravating role enhancement and those who engaged in a continuing criminal enterprise.") (citing, among other cases, *United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) for the proposition that "where the word 'and' conjoins several negative phrases, each negative phrase is a separate requirement"). Accordingly, Gonzalez Calimano is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

### 4. Conclusion

For the reasons set forth above, the Court **denies** Gonzalez Calimano's motion for a reduction of his sentence (**ECF No. 131**). And, because it is not necessary, the Court **denies** his motion to proceed *in forma pauperis* **as moot** (**ECF No. 130**).

**Done and ordered** at Miami, Florida on February 29, 2024.

_____
Robert N. Scola, Jr.
United States District Judge